# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| HENRY ERIC JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV408-069 |
| | ) |
| SPENCER LAWTON, *District Attorney*, LOUISA ABBOT, *Chatham County Superior Court Judge*, GREG MCCONNELL, *Assistant District Attorney*, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff has filed an action pursuant to 42 U.S.C. § 1983. (Doc. 1.) In addition, he has filed a motion to proceed *in forma pauperis* and a motion to compel. (Docs. 2-3.) For the reasons that follow, the Court should **DISMISS** plaintiff's complaint pursuant to 28 U.S.C. § 1915(g).

Plaintiffs are generally required to pay a filing fee to institute any civil action in federal district court. 28 U.S.C. § 1914. Indigent prisoners

may commence an action without prepayment of the filing fee if they proceed *in forma pauperis* under § 1915.[1]

In order to proceed *in forma pauperis*, prisoners must satisfy § 1915(g), which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

---

[1] Prisoners, unlike other indigents, are always required to pay the filing fee, but they may do so over time rather than paying the entire cost up-front. 28 U.S.C. § 1915(b)(1).

2

Plaintiff is a frequent filer in federal court who has exceeded the "three strikes" permitted by § 1915(g).[2] Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice. 28 U.S.C. § 1915(g).

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff does not allege that he is in imminent danger nor does the Court have any reason to believe that he is in imminent danger. (Doc. 1.) Accordingly, he does not come within the exception.

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims raised in this

---

[2] Johnson v. Johnson, No. 495-cv-032 (S.D. Ga. Mar. 20, 1995) (dismissed as frivolous); Johnson v. Underwood, No. 501-cv-191 (M.D. Ga. May 5, 2004) (dismissed for failure to state a claim) (doc. 62), (appeal dismissed as frivolous) (doc. 76); Johnson v. Johnson, No. 499-cv-239 (S.D. Ga. Jan. 10, 2000) (dismissed for failure to state a claim). See also Johnson v. Georgia State Warden, No. 606-cv-035 (S.D. Ga. Aug. 11, 2006) (dismissing plaintiff's case under § 1915(g)).

suit, he must file a new complaint accompanied by the full $350.00 filing fee.

Plaintiff's complaint seeks expungement of his "illegal conviction and sentence" and "urgent release from illegal imprisonment." (Doc. 1, Declaration in Support at 1.) Plaintiff is advised that a § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. Id. at 484-86. Thus, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

4

Id. at 486-87. Plaintiff is advised that as his claim is likely barred by Heck, it would be a waste of his money and this Court's time to re-file this complaint prior to getting his sentence invalidated in a § 2254 proceeding.

For the foregoing reasons, the Court should **DISMISS** plaintiff's complaint. Plaintiff's motions are **DENIED**.

**SO REPORTED AND RECOMMENDED** this __14th__ day of April, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**